NOT DESIGNATED FOR PUBLICATION

No. 115,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAD JEREMY ALFREY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JOHN L. WEINGART, judge. Opinion filed December 2, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*:  Tad Alfrey appeals the district court's revocation of his probation on three grounds. Alfrey contends the district court committed reversible error by (1) revoking his probation without first imposing an intermediate nonprison sanction as provided in K.S.A. 2015 Supp. 22-3716; (2) denying his request for a modified sentence; and (3) violating his constitutional rights by using his criminal history to enhance his sentence without requiring the State to prove his prior convictions to a jury beyond a reasonable doubt.

Alfrey moved for summary disposition pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67), and we granted leave to proceed without briefing. Based upon our review of the record, we affirm the district court's ruling which revoked

1

probation and imposed the underlying prison sentence. Moreover, we dismiss for lack of jurisdiction Alfrey's claim that his sentence is unconstitutional.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with a plea agreement, Alfrey pled no contest to burglary, a severity level 7 nonperson felony, in violation of K.S.A. 2015 Supp. 21-5807. On November 6, 2014, the district court sentenced Alfrey to 24 months' probation with an underlying prison term of 18 months.

About 6 months later, on May 7, 2015, the State filed a motion to revoke Alfrey's probation because, according to his intensive supervision officer (ISO), Alfrey violated the terms of his probation in several respects, including: (1) neglecting to report as directed; (2) failing to obey the law which resulted in the filing of several criminal charges; (3) making only one payment towards his court-imposed financial obligations; (4) admitting to or testing positive for marijuana and methamphetamine use; (5) failing to maintain employment; and (6) falsely informing his ISO, on two occasions, that he was employed.

The State amended its initial revocation motion on two occasions to include several other probation violations. In particular, the State alleged that Alfrey was convicted of two counts of burglary on January 22, 2016, he failed to avoid persons or places of disreputable or harmful character, and he did not report to his ISO or comply with other directives. Additionally, the State alleged that Alfrey committed acts which resulted in the filing of additional criminal charges, and that Alfrey had used marijuana, oxycodone, and methamphetamine while on probation.

The district court held a revocation hearing on April 7, 2016, and Alfrey stipulated to the violations. Although he agreed that his probation should be revoked because he

2

"deserve[d] to be punished for violating [his] probation," Alfrey sought imposition of a modified 9-month prison term. Alfrey alleged that a lesser sentence was appropriate because of his work as a confidential informant for the State, his violations were "all due to [his] drug problem," and he had not had any incidents since he was prescribed proper medications. He also noted that he was "made jail trustee over in Doniphan County due to cooperation, good behavior."

The district court revoked Alfrey's probation. The district court also denied Alfrey's request for a sentence modification and imposed the underlying prison term because he was convicted of two counts of burglary on January 22, 2016, and one count of possession of methamphetamine on April 7, 2016.

Alfrey filed a timely appeal.

FAILURE TO IMPOSE A GRADUATED SANCTION

Probation from serving a sentence is "'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision whether to revoke a defendant's probation generally involves two distinct components: (1) a factual determination as to whether the State has established a violation of one or more of the conditions of probation by a preponderance of the evidence, and (2) a discretionary determination as to whether the violation warrants revocation. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Once the State has proven a violation of the conditions of probation or, as in this case, the defendant has stipulated to violating his or her probation, the disposition of the case lies within the sound discretion

3

of the district court, provided that discretion falls within the parameters of K.S.A. 2015 Supp. 22-3716. See K.S.A. 2015 Supp. 22-3716; *Gumfory*, 281 Kan. at 1170.

Effective July 1, 2013, our legislature circumscribed a district court's discretion to sanction an offender for a probation violation by enacting several amendments to K.S.A. 22-3716 with the passage of House Bill 2170. See L. 2013, ch. 76, sec. 5. *Cf.* K.S.A. 2012 Supp. 22-3716(b); K.S.A. 2013 Supp. 22-3716(c). Generally, K.S.A. 2015 Supp. 22-3716 instructs district courts to impose a series of graduated sanctions upon finding that an offender originally convicted of a felony has violated a technical condition of his or her probation, assignment to community corrections, suspension of sentence, or another nonprison sanction. The sanctions range from continuation or modification of the offender's release conditions to brief periods of confinement in jail, which gradually increase depending upon the number of lesser sanctions the district court has already imposed upon the offender. See K.S.A. 2015 Supp. 22-3716(c)(1)(A)-(D).

Despite Alfrey's contention to the contrary on appeal, the district court's discretion to revoke his probation was unfettered by K.S.A. 2015 Supp. 22-3716 because Alfrey committed new crimes while on probation. See K.S.A. 2015 Supp. 22-3716(c)(8). The relevant statute provides:

> "If the offender commits a new felony or misdemeanor or absconds from supervision while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction, the court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D)." K.S.A. 2015 Supp. 22-3716(c)(8).

4

Given this statutory provision and the fact that Alfrey committed new crimes while on probation, we affirm the district court's ruling bypassing the intermediate sanctions outlined in K.S.A. 2015 Supp. 22-3716(c) and imposing imprisonment.

## REFUSAL TO IMPOSE A MODIFIED SENTENCE

Next, Alfrey contends the district court abused its discretion by refusing to modify his underlying sentence. A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the district court; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Alfrey insists that no reasonable person would have imposed his original underlying sentence because the circumstances clearly justified the imposition of a lesser prison term. In support, Alfrey reiterates the arguments he made in the district court that showed "he had taken [steps] to change his behavior since he had been incarcerated."

We find no abuse of discretion in the denial of Alfrey's motion for a sentence modification. Alfrey squandered his opportunity to avoid incarceration by committing a litany of probation violations, including the commission of additional crimes. His repeated inability to comply with the district court's directives and the laws of this state demonstrate that he was not deserving of a modified lesser sentence. We hold the district court acted within its discretion by revoking Alfrey's probation and ordering him to serve the entirety of his underlying prison sentence. The district court's ruling is affirmed.

## USE OF PRIOR CONVICTIONS TO ENHANCE SENTENCE

For his final issue, Alfrey contends the district court violated his constitutional rights and the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530

U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his criminal history to enhance his sentence without requiring the State to prove his prior convictions to a jury beyond a reasonable doubt.

We lack jurisdiction to address this issue because Alfrey did not appeal his original sentence within 14 days of its imposition. The right to appeal is purely statutory, and subject to certain exceptions, Kansas appellate courts have "jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the manner prescribed by the applicable statutes." *In re T.S.W.*, 294 Kan. 423, Syl. ¶ 2, 276 P.3d 133 (2012).

According to K.S.A. 2015 Supp. 22-3608(c): "For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal." Alfrey was sentenced on November 6, 2014, and the instant appeal was filed on April 12, 2016, which is well past the 14-day deadline set forth in K.S.A. 2015 Supp. 22-3608(c). See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to probation revocation and not as to original sentence).

Nevertheless, we note that even if our court had jurisdiction to address this issue, Alfrey's argument would still fail on the merits because, as Alfrey candidly concedes, this issue was previously considered and rejected by our Supreme Court in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). See *State v. Tahah*, 302 Kan. 783, 795-96, 358 P.3d 819 (2015), *cert. denied* 136 S. Ct. 1218 (2016) (reaffirming *Ivory*). This claim on appeal is dismissed.

Affirmed in part and dismissed in part.